UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLOCKWORK HOME SERVICES, INC. et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV142 CDP |
| ANGELO PASCALE, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Angelo Pascale sent a letter to this court on March 9, 2009 asking that I transfer this case to either New York or New Jersey, and that I dismiss him, as an individual, from the case because his company is the proper party. At my direction, the Clerk of Court docketed that as a motion to dismiss or transfer venue. Plaintiffs filed a memorandum opposing the motion. On March 24, 2009, I ordered Pascale to file a brief setting out the legal and factual support for his motions. That order was sent to Pascale at the address provided in his letter, but was returned to the court as undeliverable. Pascale has not informed the court of any change of address, as required by the local rules.

Pascale must have received the order somehow, however, because he sent a second letter to the court, which appears to be a response to the order. The letter did not contain any certificate of service or any other indication that he had served

it on plaintiffs' counsel, as required by Federal Rule of Civil Procedure 5.  Further, the letter did not give any factual or legal support for his motion to dismiss or to transfer venue.  Nor did it address plaintiffs' claim that Pascale consented to venue in this court when he signed the Member Agreement.

There is no basis for dismissing the suit against Pascale.  Indeed, it appears that plaintiffs will easily be able to prove that Pascale treated any corporate entities – if they even exist – as alter egos of himself, although that, of course, is a fact issue not yet ripe for determination.

Plaintiffs have indicated that they would agree to a transfer this case to the Unites States District Courts for the Southern District of New York or the District of New Jersey, provided that defendants are barred from later challenging venue.  Plaintiffs have attempted to contact Pascale to work out a consent motion to transfer, but Pascale has not responded.

While Pascale has not supported his motion to transfer with a brief, as I requested, I find that transfer of the case to the District of New Jersey is in the interests of justice, because that will be more convenient for the parties and witnesses.  *See* 28 U.S.C. § 1404(a).  This is especially so here, because it appears that Pascale may end up representing himself, since he claims he has been unable to hire counsel.  As my previous orders explained, he cannot represent the corporations, but if he is representing himself he will need to appear at court

scheduling conferences and hearings. Plaintiffs' counsel are located in New York, and any judgment would have to be collected in New Jersey.

I will therefore transfer this case to the United States District Court for the District of New Jersey, but I will order that defendants comply with the conditions set by plaintiffs, specifically, following transfer, defendants may not move to (1) change venue; (2) dismiss for improper venue; or (3) foreclose plaintiffs from asserting claims against them on the grounds that the Member Agreement requires that the action be brought in Missouri. If defendants fail to comply with these conditions, plaintiffs could file a motion to transfer the case back here, and by this Order I urge the District of New Jersey to grant such a motion. My hope, of course, is that Pascale, having gotten what he asked for, will not allow the corporate defendants to breach the conditions set out above.

**Pascale is reminded of his obligation to follow the Federal Rules of Civil Procedure, and is specifically reminded that he has a duty to keep the court apprised of his current address, and to serve plaintiffs' counsel with a copy of anything he provides to the court. Pascale is advised that any further failure to comply with these rules may result in the imposition of sanctions.**

Accordingly,

**IT IS HEREBY ORDERED** that defendant Pascale's motion to dismiss [#12] is denied and his motion to transfer [#12] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that defendants are hereafter prohibited from (1) moving to change venue; (2) moving to dismiss for improper venue; or (3) seeking to foreclose plaintiffs from asserting claims against them on the grounds that the Member Agreement requires that the action be brought in Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Pascale by mailing it to him at each of the addresses shown on his various filings.

                                          _/s/ Catherine D. Perry_
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2009.